IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, A Nebraska Not for Profit Fraternal Benefit Society, | ) ) ) | Case No. 8:13-cv-324 |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | **STIPULATED** |
| | ) | **PROTECTIVE ORDER** |
| WOODMEN OF THE WORLD AND/OR ASSURED LIFE ASSOCIATION, a Colorado Not for Profit Fraternal Benefit Society | ) ) ) ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**WHEREAS**, Plaintiff/ Counterclaim Defendant, Woodmen of the World Life Insurance

Society ("Plaintiff"), has filed this action against Defendant/Counterclaim Plaintiff, Woodmen of

the World and/or Assured Life Association ("Defendant") (collectively, hereinafter "the

Parties"); and Defendant has filed Counterclaims against Plaintiff; and

**WHEREAS**, certain documents to be produced in this action are claimed by the Parties

to contain proprietary, sensitive material, and/or other confidential information of the Parties and

other third parties, including but not limited to protected from disclosure by the Health Insurance

Portability and Accountability Act ("HIPAA"), the Gramm Leach Bliley Act, and other state or

federal laws; and

**WHEREAS**, the Parties desire to preserve the confidentiality of such information;

**IT IS HEREBY ORDERED THAT:**

1.      As used in this Protective Order:

        (a)     "Attorneys" means counsel of record;

(b)     "Attorneys Eyes Only" Information is information defined in paragraph 3 below and as marked or identified in paragraph 4 below.

(c)     "Confidential Information" is information as defined in paragraph 2 below and as marked or identified in paragraph 4 below;

(d)     "Documents" include all materials within the scope of Fed. R. Civ. P. 34;

(e)     "Outside Independent Persons" means persons or firms retained by a party or its Attorneys to provide assistance as mock jurors or focus group members, to furnish technical or expert services, or to give testimony in this litigation;

(f)     "Outside Vendors" means messenger, copy, coding, document management, document review, and other clerical or electronic document service vendors not employed by a party or its Attorneys; and

(g)     "Protected Information" means information designated as either "Confidential Information" or "Attorneys Eyes Only Information" under the terms of this Stipulated Protective Order and when used in this Order refers to and encompasses both Confidential Information and Attorneys Eyes Only Information.

(h)     "Written Assurance" means the document in the form attached as Exhibit "A" to this Protective Order.

2.     The term "Confidential Information" as used in this Protective Order shall refer to those documents designated as "Confidential," including but not limited to:

(a)     "HIPAA Confidential Information." "HIPAA Confidential Information" shall include any document created or received by any health care

provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse that relates to any physical or mental health condition of an individual, the provision of health care to an individual, or the payment for the provision of health care to an individual;

(b)     Documents protected from disclosure by the Gramm Leach Bliley Act;

(c)     Documents protected from disclosure by any other federal law;

(d)     Documents protected from disclosure by any law of the state of party producing the document; and

(e)     Documents containing proprietary, sensitive material, and/or confidential information within the scope of Fed. R. Civ. P. 26(c).

"Confidential Information" also includes any notes, lists, memoranda, indices, or compilations prepared or based on an examination of "Confidential Information," and any summaries of "Confidential Information" which quote from, identify or refer to the information with such specificity that the "Confidential Information" can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying "Confidential Information" from which they are made and shall be subject to all of the terms of the Protective Order.

3.     "Attorneys Eyes Only Information" shall include non-public material and information that the producing party deems so competitively sensitive that the information would cause irreparable harm if it was learned by its competitors or potential competitors.

"Attorneys Eyes Only Information" also includes any notes, lists, memoranda, indices, or compilations prepared or based on an examination of "Attorneys Eyes Only Information," and

any summaries of "Attorneys Eyes Only Information" which quote from, identify or refer to the information with such specificity that the "Attorneys Eyes Only Information" can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of protection as the underlying "Attorneys Eyes Only Information" from which they are made and shall be subject to all of the terms of the Protective Order.

4.      For "Protected Information" to be protected by this Protective Order, the party or third party producing the information shall:

(a)     with respect to paper or static images, type, stamp or imprint upon the document the following words: "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in a manner so as not to obscure any information contained therein.

(b)     If the "Protected Information" is contained in ESI that is disclosed in native format, the producing party shall produce a metadata field which identifies the level of protection and include in the native file name the letters "AEO" in the case of "Attorneys Eyes Only Information" or "CONF" in the case of "Confidential Information." For example, a native file containing "Confidential Information" might be produced as DENWOW-000123-CONF. If the receiving party prints the file for use in deposition, court proceedings or filings, the receiving party shall be responsible for following the procedure in 4 (a) above and affixing the appropriate designation before using the native file in such deposition, filing, or proceeding.

The Parties shall not indiscriminately mark each document they produce as "Protected Information."  Rather, the designation shall be used only when there is a reasonable and good faith basis designating the document at the level selected.  The party designating a document as protected bears the burden of proving the appropriateness of any such designation.

5.      All information and documents designated as protected shall be accorded the designated status until such time as determined otherwise pursuant to the terms of this Protective Order.

6.      All "Protected Information" shall be used for purposes of this litigation only (including any appeals of this action) and shall not be used for any other personal, business, commercial or competitive purpose.

7.      "Confidential Information" may be disclosed only to the following individuals or entities, and shall not be revealed, discussed, transferred, communicated or disclosed, directly or indirectly, in any manner or in any form, to any person, entity or judicial tribunal other than:

(a)      The Parties and officers, directors or employees of a party who have the need to know such information for purposes of this litigation;

(b)      The Court and Court personnel;

(c)      Attorneys, their law firms, and their Outside Vendors;

(d)      Persons shown on the face of the document to have authored or received it;

(e)      Court reporters and videographers retained by the Parties;

(f)      Outside Independent Persons who agree and execute a Written Assurance;

(g)      Persons who are called to give testimony in any capacity in this litigation and execute a Written Assurance; and

(h)     Third persons who have, or may have, discoverable information related to the issues in this litigation and who execute a Written Assurance.

8.      "Attorneys Eyes Only Information" may be disclosed only to the following individuals or entities, and shall not be revealed, discussed, transferred, communicated or disclosed, directly or indirectly, in any manner or in any form, to any person, entity or judicial tribunal other than:

(a)     Two (2) representatives from each department or division of the receiving party who have the need to know such information for purposes of this litigation or for settlement purposes.  For purposes of this section the two representatives shall consist of the vice-president or head of each department or division and one employee of each respective department or division.

(b)     The Court and Court personnel;

(c)     Outside Counsel for the parties, and their Outside Vendors.  Inside counsel for the parties may not review the material unless designated as one of the two party representatives in paragraph 5(a) above;

(d)     Persons shown on the face of the document to have authored or received it; and

(e)     Court reporters and videographers retained by the Parties.

9.      All persons who receive "Protected Information," shall:

(a)     Maintain the confidentiality of such material and information in accordance with the terms of this Protective Order; and

      (b)     Not release or disclose the "Protected Information," or the nature, substance or contents thereof.

10.     If a party files any document containing "Protected Information" with the Court, it shall do so under seal in accordance with the Local Rules and Civil Rules of this Court.

11.     To the extent that any "Protected Information" is used in the taking of depositions, the party who noticed the deposition shall be responsible for providing the court reporter and deponent with a copy of this Protective Order, both of whom shall be asked to execute a Written Assurance and thereafter be bound to the terms of this Order.  The Parties may designate depositions or other testimony concerning the documents and the information contained therein as "Protected Information" by:

      (a)     Stating orally on the record the day the testimony is given that the information is expected to be treated as either "Confidential Information" or "Attorneys Eyes Only Information", as appropriate; and

      (b)     Sending written notice designating by page and line the portions of the transcript of the deposition or other testimony to be treated as either "Confidential Information" or "Attorneys Eyes Only Information", as appropriate within ten (10) days after receipt of the final transcript.  For example, this ten (10) day period shall not start running from the  receipt of a rough transcript delivered via email on a rush request, but instead from the receipt of a transcript delivered by the court reporter to the reviewing party for review and signature.

When the oral statement requirement in subpart (a) has been met, the transcript shall be treated as designated on the record until the ten (10) day period provided for in subpart (b) has

elapsed.  Thereafter, only those portions of the deposition designated under subparts (a) and (b) shall continue to be treated as designated.

12.     A copy of this Protective Order shall be served along with any subpoena issued to a third party under Fed. R. Civ. P. 45.  Third parties producing documents pursuant to a subpoena may, at their election, mark produced documents as "Confidential" .  Documents designated as such by a third party shall be subject to the same protections as if they had been designated by the Parties in accordance with this Protective Order.  In marking documents as "Confidential," the third party making the designation shall become subject to all of the terms and conditions of this Protective Order.

13.     Notwithstanding paragraph 12, above, all documents produced by a third party pursuant to a subpoena shall be treated by the Parties as "Confidential" for a period of fourteen (14) days from the date of production.  During this period, any party to this suit may, consistent with the terms of this Protective Order, designate some or all of the produced documents as "Confidential."  After this fourteen (14) day period expires, only those documents designated by the producing third party, or by a party to this suit, shall be treated as "Confidential."

14.     Any party may apply to the Court for a modification of this Protective Order, or for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required in specific instances.  Any party may also apply to the Court for relief from limitations if such party deems such relief is required in specific instances.

15.     Nothing in this Protective Order shall prevent the disclosure of "Protected Information" if the party designating the information as protected consents to such disclosure.  In addition, nothing contained in this Protective Order shall prevent a party to this action from using its own "Protected Information" in any way it sees fit, or from revealing its own "Protected

Information" and material to whomever it chooses, without prior consent of any person or of the Court.

16.    Any party who inadvertently fails to identify documents as "Protected", or who determines that a document was incorrectly designated as "Protected Information," shall, upon discovery of the oversight, promptly provide written notice of the error to the other Parties and substitute appropriately designated documents.  The other Parties shall then retrieve such documents from persons not entitled to receive them and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

17.    The execution of this Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

18.    Failure by a party to challenge the designation of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto.  In the event a party to this litigation disagrees with the designation of any information as "Protected," the Parties shall attempt to dispose of such dispute in good faith on an informal basis.  If the disagreement cannot be resolved in this fashion, the party contesting the designation of the material may, by sealed motion setting forth with specificity the items challenged, seek an Order freeing the material in question from the designation as "Protected Information."  The party asserting that documents or other tangible litigation materials are protected shall bear the burden of proving that the information is "Protected Information" and that other terms and conditions of this Protective Order have been satisfied. "Protected Information" which is the subject of any motion under this paragraph shall continue to be treated as "Protected Information" for purposes of this Protective Order until further Order of the Court.

19.     After the conclusion of this litigation as to all parties, all "Protected Information," shall remain subject to the terms of this Protective Order, and the Parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of "Protected Information" after conclusion of this litigation.

20.     Within sixty (60) days of the termination of this litigation (including the final resolution of any appeals), the party receiving "Protected Information" shall either return the "Protected Information" to the producing party, or shall provide to the producing party a "Certification of Destruction" certifying that all "Protected Information" that exists in paper form or in active data in its possession, or the possession of its Outside Independent Persons and Outside Vendors, has been destroyed in accordance with this Protective Order.  This Order shall not require either parties or counsel to locate, return, or destroy any electronically stored information that is not reasonably accessible to that party or counsel (e.g. information that may exist in the back-up systems, unallocated or "slack" space on Firm or Outside Vendor computers, or archival data of the respective parties, Firms or Vendors.)

Provided that they do not disclose the Protected Information or use it for any purpose unrelated to this action except as permitted by court order or agreement with the producing party, Counsel of Record for each party may retain the documents and data set forth below.

    (a)    a set of all documents filed with the Court;

    (b)    all correspondence generated in connection with this action, including all attachments to all correspondence;

    (c)    copies of any depositions taken in conjunction with the litigation (with exhibits);

    (d)    attorney work product that contains "Protected Information"; and

(e)     an archival copy of any database or review platform containing Protected Information.

21.     This Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties or by Motion, with notice given to each of the parties.

22.     Nothing contained herein shall restrict the presentation of any evidence, including "Protected Information," to a jury or the Court during a trial or other hearing of this action. However, such presentation shall not constitute a waiver of any restrictions provided for in this Protective Order and the Parties agree to take reasonable steps to maintain the confidentiality of any "Protected Information" at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct and/or as the parties may otherwise agree.

**SO ORDERED THIS** 28th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____

Lyle E. Strom, Senior Judge
United States District Court

Requested and Stipulated to by Counsel for the Parties:

WOODMEN OF THE WORLD LIFE
INSURANCE SOCIETY,
Plaintiff,

By:     */s/ Cathy S. Trent-Vilim*
        Patrick G. Vipond, #16390
        Mark Novotny, #19102
        Cathy S. Trent-Vilim, #22489
        LAMSON, DUGAN and MURRAY, LLP
        10306 Regency Parkway Drive
        Omaha, NE  68114
        Tel: (402) 397-7300

2004892048_1                                    11

Fax: (402) 397-7824
pvipond@ldmlaw.com
mnovotny@ldmlaw.com
ctrent-vilim@ldmlaw.com
*ATTORNEYS FOR PLAINTIFF*

Pamela E. Olsen, NSBA #20980
Andre R. Barry, NSBA #22505
Cline Williams Wright
Johnson & Oldfather, L.L.P
1900 US Bank Building
233 S. 13th Street
Lincoln, NE 68508-2095
(402) 474-6900 (voice)
(402) 474-5393 (facsimile)
polsen@clinewilliams.com
abarry@clinewilliams.com


*/s/Joy Allen Woller*
Frank D. O'Loughlin #11003
Cindy C. Oliver, #21799
Joy Allen Woller, #36011
LEWIS ROCA ROTHGERBER LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
(303) 623-9000 (voice)
(303) 623-9222 (facsimile)
foloughlin@lrrlaw.com
coliver@lrrlaw.com
jwoller@lrrlaw.com

*ATTORNEYS FOR WOODMEN OF THE WORLD
AND/OR ASSURED LIFE ASSOCIATION, A
COLORADO NOT FOR PROFIT FRATERNAL
BENEFIT SOCIETY*